UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA MARBLE and KELSEY REIMER, individually and on behalf of all others similarly situated,<br>　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>HALO INNOVATIONS, INC.<br>　　　　　　　Defendant.<br><br>CASSIDY BENDER, individually and on behalf of all others similarly situated,<br>　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>HALO INNOVATIONS, INC.<br>　　　　　　　Defendant. | 23-cv-11048 (JGLC) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR FEES AND COSTS**

　　　　This matter is before the Court on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement.[1] On February 10, 2025, the Court granted Plaintiffs' unopposed Motion for Preliminary Approval of the proposed settlement ("Settlement") between Amanda Marble, Kelsey Reimer, and Cassidy Bender ("Plaintiffs" or "Class Representatives"), and Defendant HALO Innovations, Inc. (n/k/a HALO Dream, Inc.) ("Defendant" or "HALO"). ECF No. 64.

---

[1] On November 22, 2024, the Court granted the Parties' letter motion to consolidate the two related cases, *Marble, et al. v. HALO Innovations, Inc.*,1:23-cv-11048, ("*Marble* Action") and *Bender v. HALO Innovations, Inc*., 1:24-cv-4371, ("*Bender* Action"), for settlement purposes only and designated the *Marble* matter as the lead case. (ECF No. 55.) Both cases, as consolidated, shall be herein referred to as the "Action."

1

On October 9, 2025, the Court held a Final Approval Hearing to determine whether the Settlement should be approved as fair, reasonable, and adequate. The Court has considered the Motion and all other submissions and argument in connection therewith, in addition to all other papers and proceedings in this matter.

**AND NOW**, upon careful consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement; the lack of objections filed; and the arguments of the Parties at the Final Approval Hearing held before this Court on October 9, 2025, it is hereby ORDERED as follows:

   **1.**   **Definitions.**

For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement. ECF No. 63-1.

   **2.**   **Background**

Plaintiffs, individually and on behalf of all others similarly situated, and Defendant have entered into a class action Settlement Agreement to resolve Plaintiffs' claims alleging that Defendant made misrepresentations and/or omissions in its marketing materials and elsewhere regarding the BassiNest Flex (the "Flex" or "Class Product"). Plaintiffs allege that the Flex contains a uniform design defect that purportedly causes the sleep surface to tilt presenting a safety hazard, which Plaintiffs allege is contrary to Defendant's multi-channel marketing for the Flex. Defendant denies all of Plaintiffs' allegations.

The final Settlement is the result of:

   (i)   significant pre-suit investigation of Plaintiffs' claims, including extensive analyses of the Flex's technical design, relevant safety standards, various consumer reports, and HALO's marketing for the Flex;

2

    (ii)      the exchange of informal discovery pursuant to Fed. R. Evid. 408;

    (iii)     a full-day mediation with Hon. Diane Welsh (Ret.) of JAMS ADR, a certified mediator; and

    (iv)     lengthy settlement negotiations that spanned nearly one year in total.

### 3. Class Certification

#### A. Settlement Class

On February 10, 2025, in its Preliminary Approval Order, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certified the following Settlement Class:

> All Persons in the United States (including in its states, districts, territories, or tribal reservations) who purchased one or more of the Class Products before the date of the Preliminary Approval Order.

The Settlement Class excludes:

> (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, members, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors, or assigns of any such excluded Persons; (5) any and all wholesalers, distributors, or retailers of the Class Products; and (6) any and all second-hand purchasers of the Class Products.

ECF No. 64 at ¶¶ 2–3.

#### B. Certification of the Settlement Class Pursuant to Rule 23 of the Federal Rules of Civil Procedure is Appropriate and Warranted.

In the Preliminary Approval Order, the Court preliminarily found that the Settlement Class met all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, for the purpose of settlement only, including numerosity, commonality, typicality, predominance of common issues, and superiority. ECF No. 64 at ¶ 4. No material changes have occurred since that

Order that would alter this ruling. The Court now finally approves certification of the Settlement Class and the Settlement Agreement, except as to those individuals who timely exercised their right to opt out of the Settlement.

### 4. The Settlement Benefits

#### A. Common Fund

The Settlement Agreement provides for a common fund of one million five-hundred thousand dollars ($1,500,000) ("Settlement Amount") for the benefit of the Settlement Class Members from which payments will be made for (1) Cash Payments to Class Members who submit valid Claim Form, (2) all Notice and Administrative Costs, (3) any service award payments to Class Representatives approved by the Court and (4) attorneys' fees and expenses as awarded by the Court. ECF No. 63-1 at § II ¶ 1.

#### B. Monetary Relief

The Settlement offers Class Members a substantial recovery in the form of monetary relief. Settlement Class Members were afforded the opportunity to submit claims for Cash Payments based upon their purchases of the Class Products during the settlement period. Subject to *pro rata* adjustments, Claimants with Valid Proof of Purchase are entitled to receive up to $30.00 per purchased Class Product, with no limitation on the number of Class Products for which they may submit a claim so long as the claimants are able to submit Valid Proof of Purchase. ECF 63-1 at § IV ¶ 3(b). Subject to *pro rata* adjustments, Claimants without Valid Proof of Purchase are entitled to receive up to $10.00, with a limitation of one claim per Class Household. ECF 63-1 at § IV ¶ 3(c). If cash payments to Class Members are subject to a *pro rata* increase, payments will be capped at $90 with Valid Proof of Purchase or $30 without Proof of Purchase. ECF 63-1 at § V ¶ 2(b).

### C. Class Member Release

In exchange for the benefits conferred by the Settlement, Plaintiffs and Settlement Class Members who have not timely requested to be excluded from the Settlement will release Defendant from all claims based on alleged consumer fraud or other allegedly misleading marketing that were asserted or could have been asserted in this Action, as described in Section I Paragraphs 42–44 and Section VII Paragraphs 1–2 of the Settlement Agreement. The released claims exclude claims for personal injury.

### 5. Notice

Consistent with the Preliminary Approval Order and the proposed Notice Plan, the settlement administrator, Angeion, has notified Settlement Class Members of the Settlement by (a) direct notice via emailing each member of the Settlement Class for whom Angeion has an email address; (b) direct notice via mailing postcard notice to each member of the Settlement Class who did not have a valid email address but had a mailing address; (c) implementing a media campaign consisting of targeted internet banner notice, social media notice, and a paid search campaign; and (d) implementing a dedicated settlement website and toll-free telephone line where Settlement Class Members can learn about their rights and options pursuant to the terms of the Settlement. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed R. Civ. P. 23, due process, and any other applicable law, and constituted the best notice practicable under the circumstances. Further, the settlement administrator, Angeion, on behalf of the Defendant, caused timely notice of the Settlement and related materials to be sent to the Attorney General of the United States and the Attorneys General of all U.S. states, territories, and the District of Columbia pursuant to the Class

Action Fairness Act of 2005 ("CAFA"). The Court finds that such notification complies fully with the applicable requirements of CAFA.

**6.      Final Approval**

For the reasons stated on the record during the October 9, 2025 hearing, the Court certifies the proposed Settlement Class and grants Plaintiffs' motion for final approval. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b), and that the Settlement Agreement is fair, reasonable and adequate. The Court also grants fees and costs, as specified in ECF No. 67.

The Clerk of Court is respectfully directed to terminate ECF Nos. 67 and 76, docket this order in the instant action (Case No. 23-cv-11048) and its consolidated counterpart (Case No. 24-cv-4371), and close both cases.

Dated: October 14, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge